BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATOIN

IN RE: RECALLED ABBOTT INFANT FORMULA
PRODUCTS LIABILITY LITIGATION           MDL No. 3037

_____/

**PLAINTIFFS' INTERESTED PARTY RESPONSE
SUPPORTING TRANSFER AND CONSOLIDATION
TO THE SOUTHERN DISTRICT OF FLORIDA OR NORTHERN DISTRICT OF ILLINOIS**

COME NOW Plaintiffs, pursuant to 28 U.S.C. § 1407 and Rules 6.1(c) and 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML"), respectfully submitting this Interested Party Response seeking transfer and consolidation in the United States District Court for the Southern District of Florida (Miami Division) or, in the alternative, Northern District of Illinois.

This Interested Party Response is submitted on behalf of the following Plaintiffs *Suarez, et. al. v. Abbott Labs., et. al.* Case No. 22-cv-20506-BLOOM/Otazo-Reyes (FLSD Miami Division), and all others similarly situated.

The undersigned law firm is investigating claims for more than fifty (50) individuals (six (6) reside in the Southern District of Florida) with potential claims related to the infant formula recalled by Abbott Laboratories Inc. ("Abbott"). Plaintiffs seeks transfer and consolidation in the Southern District of Florida (Miami Division) or, in the alternative, Northern District of Illinois.

I.    **Important Facts Distinguishing Plaintiffs' Case**.

Plaintiffs highlight a few important points for consideration by the JPML. (1) Plaintiff's lawsuit was the first filed in the United States seeking redress for injuries and damages related to the recalled infant formula manufactured by the defendant, Abbott Laboratories Inc. ("Abbott"). (2) Plaintiff's claims, relative to others, are more advanced in litigation. (3) Plaintiff's complaint seeks redress for both individual tort claims (i.e., personal injury, products liability claims) as well as those consumers that

purchased the recalled product. Assuming the JPML grants consolidation, then both the class action claims and the personal injury claims will be transferred to the MDL. See E.g. y, *In Re: Bextra and Celebrex Unfair Sales Practices and Products Liab. Liti.*, MDL No. 1699.; *In Re: Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924. (4) A critical mass of claims are pending in the same venue; i.e., the Southern District of Florida. The Southern District of Florida currently has two identified actions pending related to the recalled infant formula. The undersigned is investigating claims for over twelve individuals that reside in the Southern District of Florida. (5) The first trial is currently scheduled to begin May 2, 2023[1] in the lead case is *Suarez, et.al. v Abbott Labs. Inc, et al*., Case No. 22-cv-20506. The case is assigned to United States District Judge Beth Bloom. Judge Bloom has the parties moving at a swift pace. Two weeks have been set aside for trial scheduled to begin on May 2, 2023. Case No. 1:22-cv-20506-BB [ECF Doc. 24].

II.     **Consolidation is Appropriate Under 28 U.S.C. § 1407**.

Transfer and coordination is appropriate because all of the lawsuits involve identical and/or overlapping questions of law and fact that arise from the same course of conduct. All personal injury tort actions allege identical or similar product liability claims pleading identical and/or virtually identical causes of action based on the same conduct. The same is also true for the pending class actions. All of the claims seek damages based on allegations arising from the exact same misconduct; i.e., allegations of the defendant's intentional, reckless and/or negligent conduct related to the design, testing, manufacturing, marketing, advertising, promoting, labeling, selling and/or distributing its infant baby formula. Thus, coordination is proper and necessary in accordance with the purpose of 28 U.S.C. § 1407.

Each of the lawsuits against Abbott related to the recalled infant formula present certain overlapping questions of fact making transfer and coordination the most efficient approach to managing these federal litigations. For example, in each of the pending actions, plaintiffs are seeking or likely will

---

[1] See, ECF Doc. 24 in *Suarez v. Abbott et. al.*; Case No. 1:22-cv-20506-BB [ECF Doc. 24].

seek much of the same discovery pertaining to the defendants' development, manufacturing, marketing, testing, etc. of the recalled infant formula. Such overlapping discovery will include depositions of the same employees and experts. This Panel has consistently recognized that Section 1407 transfer is a preferred way to manage individual lawsuits that raise similar questions as to a product's development and testing.

Transfer and coordination serves the best interests of both the judiciary and the parties. Economically, coordination conserves resources (e.g., time, money, etc.) of the judiciary, parties and counsel. Equitably, coordination helps ensure the claims are treated fairly and avoids risking disparate rulings from different courts that result in additional litigation and, ultimately, incongruent results. Without the benefit of coordination and consolidation, the parties and judiciary will be forced to needlessly spend time, money and resources because many common issues (*e.g.*, matters related to discovery of common issues and generic experts) will be replicated.

### III. The Most Appropriate Venue: The Southern District of Florida or, in the Alternative the Northern District of Illinois.

While 28 U.S.C. § 1407 lists the factors the Panel is to consider in deciding whether to transfer for coordinated pretrial proceedings, nothing in Section 1407 or the Rules of Procedure of the Judicial Panel on Multidistrict Litigation addresses the specific factors the Panel is to consider in deciding where to transfer cases. Instead, it has developed as a matter of practice since 28 U.S.C. § 1407 was enacted in 1968 that the Panel considers a variety of factors in deciding where to transfer cases, particularly when faced with the decision where to transfer a complex nationwide products litigation such as the instant cases present.

A review of relevant transfer orders in comparable products litigations over the past several years, and oft-cited secondary sources, shows a strong preference by the JPML, where possible, to reconcile case-specific factors, such as where the largest number of cases are pending, where discovery has occurred, and where cases have progressed furthest, the site of the occurrence of the common facts,

where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges.

Taking all of this into consideration here, the Southern District of Florida is the most suitable transferee court for this litigation. As an alternative venue, the Northern District of Illinois would be the next most suitable transferee court.

**IV.　The Southern District of Florida Possesses the Necessary Resources and Experienced Jurists**.

The Southern District of Florida has a strong combination of collective knowledge and experience in multidistrict litigation. The Southern District of Florida is a court of capable and experienced jurists who presently have capacity to efficiently and expeditiously oversee this litigation. Moreover, as history has demonstrated over the years, the venue is well suited for MDL assignments. The judges, magistrates, courtroom staff, and clerk's office all have valuable experience adjudicating complex MDL's.

The transferee court's ability to efficiently handle the litigation is another important factor in determining the appropriate transferee forum. The Southern District of Florida has proven itself to be a highly efficient court, capable of moving a robust docket swiftly. Merely looking at the dockets of various courts, the number of actions filed and pending, does not accurately reflect how well a court handles its docket. Rather, looking at the ability of the court to move cases to resolution is a better indicator of which venue is better able to expeditiously handle this litigation.

Finally, the Southern District of Florida is a convenient location for all parties to these proceedings. The accessibility and convenience of the transferee court is also a significant factor in determining the transferee court. Miami offers unparalleled accessibility and convenience. Coincidentally, the weather tends to be better in Miami than other parts of the country that may have travel delays and other issues due to snow and/or other weather conditions.

Consequently, the Southern District of Florida provides the most accessible and convenient forum for this litigation. As an alternative, the Northern District of Illinois is suitable as it is in closer proximity to Abbott's witnesses and documents.

V.  **The Northern District of Illinois Is A Strong Candidate As A Venue In The Alternative to Florida**.

A critical mass of complaints has been filed in the Northern District of Illinois. Chicago, Illinois is a short two-hour drive from Sturgis, Michigan – the location of Abbott's facility that manufactured the recalled formula. Abbott, the sole defendant in these proceedings is Headquartered in the Northern District of Illinois. Thus, given the geographic proximity, the Northern District of Illinois is a strong candidate to serve as the appropriate venue in the alternative to Southern District of Florida.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the JPML transfer and consolidate all actions related to the recall of infant formula by Abbott Laboratories to the United States District Court of the Southern District of Florida or, in the alternative, Northern District of Illinois.

Respectfully submitted this the 20th day of April, 2022.

By: /s/ Kristian Rasmussen
Kristian Rasmussen
Randi Kassan
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Phone: (516) 741-5600
Email: krasmussen@milberg.com
rkassan@milberg.com

**JURNEY & DE LA GRANA, P.A.**
782 NW 42ND Avenue
Suite 428
Miami, Florida 33173
Phone: (305) 859-3030

Rafael T. De La Grana
Email: rdelagrana@jdlawmiami.com
Ryan A. Jurney
Email: rjurney@jdlawmiami.com

***Attorneys for Plaintiffs***